UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| Evelyn Sims | * | No. | 2:17-cv-01930 |
| | * | | |
| Versus | * | Judge Fallon | |
| | * | | |
| United States of America | * | Magistrate Judge North | |

*******************************************************************

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE</u>**

Plaintiff, Evelyn sims, respectfully files this Motion in Limine, seeking an order from the Court to exclude as a witness at trial, defense expert witness Stephanie S. Haupt, and/or Barney Hegwood, for for failure to comply with Rule 26 disclosure requirements.

In particular, defendants failed to provide:

1. "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" as mandated by FRCP 26(a)(2)(B)(v).

2. A "statement of the compensation to be paid for the study and testimony in the case" as required by FRCP 26(a)(2)(B)(vi).

Importantly, this is **not** a Rule 702 / *Daubert* motion, going to the qualifications of the witness. Instead, the basis of this motion is defendants' failure to submit proper Rule 26 disclosures for the witness.

1

**Background**

The defendants identified expert witness, Stephanie S. Haupt, an expert in life care planning. She works with life care planner Barney Hegwood. They produced an expert report regarding the plaintiff's need for future medical care. <u>Exhibit 1, Defendants' expert report</u>.

We got the report. But no statement of compensation, or list of testimony, was attached or otherwise sent.

The expert disclosures fail the requirements of FRCP 26 for experts in two important respects. First, they do not provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" as mandated by FRCP 26(a)(2)(B)(v).

Second, they do not provide a "statement of the compensation to be paid for the study and testimony in the case" as required by FRCP 26(a)(2)(B)(vi).

The report was signed by Stephanie S. Haupt, and we assume she will be the witness defendant wishes to call at trial. Out of caution, we include Barney Hegwood in this motion as well, as it is his office and the defendant might call him instead. The same applies to both of these potential defense witnesses.

Exclusion of the witness(es) is required under Federal Rules of Civil Procedure 26 and 37.

**Discussion**

Without question, the defendants have failed to comply with FRCP 26(a)(2)(B)(v) (the list of prior testimony) and (vi) (statement of compensation).

For what to do about such violations, we turn to FRCP 37(c)(1):

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Thus, the presumptive remedy is <u>exclusion</u>, "unless the failure was substantially justified or is harmless."

Exclusion is an appropriate remedy here. The failure was not "harmless" because it will prejudice trial preparation by plaintiff's counsel. See *Harmon v. Georgia Gulf Lake Charles, L.L.C.*, 476 F. App'x 31, 36-37 (5th Cir. 2012) (upholding decision to exclude expert whose report failed to meet Rule 26(a)(2)(B) criteria). This is not only due to the independent violations, but more importantly their cumulative effect.

Let's start with the simplest violation to deal with: failure to provide a "statement of the compensation to be paid for the study and testimony in the case" as required by FRCP 26(a)(2)(B)(vi). As stated above, we have been given nothing regarding the compensation for this report or testimony.

Compounding the problem, that violation was not the only one. It was coupled with an even more serious violation- the failure to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" as mandated by FRCP 26(a)(2)(B)(v).

3

Trial is fast approaching, and this is a serious problem for the plaintiff. Counsel on both sides have a lot of work to do to get ready for trial. One of the most important parts of a trial lawyer's preparation is finding and studying prior transcripts of the other side's expert witnesses. Counsel regularly do this, and sometimes will even consult with trial lawyers from the older cases involving an expert, in search of insight. In this case, for example, trial is coming up. The report is dated January 12 and was emailed to plaintiff's counsel on January 22.

The discovery cutoff is February 5 and trial is March 19. No information has yet been provided under Rule 26, and it is prejudicial to the plaintiff to allow Ms. Haupt or Mr. Hegwood to testify when this fundamental information has not been provided. This information is very important for cross-examination, and the Haupt / Hegwood report was provided in order to rebut the testimony of plaintiff's own expert. Plaintiff provided the Rule 26 information, making this information available for the defendant to cross examine plaintiff's expert. Defendant's failure to provide the same required information means their expert should be excluded.

In these circumstances, the effect of these failures is not "substantially justified or is harmless" within the meaning of Rule 37. Instead, plaintiff has been substantially prejudiced by the failure to disclose. Accordingly, exclusion of Ms. Haupt or Mr. Hegwood as a witness is appropriate. This is required by FRCP 37(c).

Alternative remedies are available, if the Court declines to exclude the witnesses. They include "payment of the reasonable expenses, including attorney's fees, caused by the failure," and that the Court "may inform the jury of the party's failure." Rule 37(c)(1). But this is a

4

non-jury trial, so an instruction has no point. As for payment of expenses and attorney's fees, we do not seek this, as that is not appropriate or fair. This is a failure of the expert witness, not anything done by the defendant or its counsel. And it would be pointless besides, because what the plaintiff has lost is not money, but time that could be spent in trial preparation.

Still further alternative remedies are available under Rule 37(b)(2)(A)(i)—(vi):

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;

None of those remedies, however, are appropriate in this case, as they are designed largely to punish a recalcitrant party, and this is not any sort of deliberate failure by the defendant itself.

Instead, the Court should simply strike the witness's expert testimony for failure to provide this information.

In the alternative: if the Court permits Ms. Haupt or Mr. Hegwood to testify despite the Rule 26 violation, we request the Court limit Ms. Haupt or Mr. Hegwood to testifying only as to

matters they personally observed during their interview of the plaintiff, and summarizing the medical treatment of the plaintiff through records they have observed, and restricted from offering any expert opinions in this matter. See, *Shepherd v. Geovera Specialty Insurance Services, Inc.*, 14-cv-862 (EDLA 3/9/2015) (Doc. No. 86, pages 5-6) (where property damage expert failed to submit a complete report, court allowed him to testify to his factual observations, but prohibited him from testifying regarding the <u>cause</u> of damage to property he observed).

## Conclusion

Plaintiff has been substantially prejudiced by the failure of defendant to comply with FRCP 26(a)(2)- especially as regards the list of prior testimony by the defendants' expert, but also by the incomplete information regarding his compensation. Exclusion of the witness, or at the very least the limiting of testimony to prevent the witness from offering expert opinions as opposed to matters personally observed by the witness, is required.

Respectfully submitted:

*/s/Brian King*
BRIAN KING, #24817
JASON F. GILES, #29211
ANTHONY J. MILAZZO, III #29631
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2018, I filed this pleading via this Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                        */s/Brian King*
                                        **BRIAN KING**

7